Dear Mr. Hollingsworth:
This office is in receipt of your request for an opinion of the Attorney General in regard to who can provide assessment, treatment and education service for alcohol and drug dependency. You state throughout Louisiana several individuals without proper credentials, nor supervision, are violating the Substance Abuse Counselors Act by operating D.W.I. related services as clinical assessments, treatment for alcoholism, treatment planning and referral for treatment. You state further that it is your belief that D.W.I. programs not administered by either a physician, registered nurse, social worker, or other professional counselor should fall under the provisions of the substance abuse counselors act and only be provided by a board certified substance abuse counselor, notwithstanding, that these services are provided by one of the above mentioned workers or supervised by the same. You feel, "They should only, and by the law, can only be provided by a Board Certified Substance Abuse Counselor." You seek an opinion from this office if we agree with this conclusion.
We recognize that R.S. 37:3382 provides, "No person shall hold himself out as a substance abuse counselor unless he has been certified as such under the provisions of this Chapter." However, the Act must be read as a whole.
In R.S. 37:3372 "Qualified professional supervisor" is defined in 3(b) as "A credentialed professional such as a board certified social worker, licensed psychologist or licensed physician". R.S.37:3381 provides in part as follows:
 A. Nothing in this Chapter shall be construed as preventing or restricting the practice, services, or activities of any person licensed or certified in this state by any other law from engaging in the profession or occupation for which he is licensed or certified.
 B. Nothing in this Chapter shall be construed as prohibiting other licensed professionals, including members of the clergy and Christian Science practitioners, from the delivery of medical, psychotherapeutic counseling, social work, psychological, or educational services to substance abusers and their families.
 C. Nothing in this Chapter shall be construed as prohibiting the activities of any person employed or supervised by a qualified professional supervisor, where carrying out specific tasks under professional supervision. The supervisee shall not represent himself to the public as a substance abuse counselor.
We understand this to provide that a licensed professional is not restricted from counseling substance abusers by delivery of educational services, or that the activities of anyone supervised by a qualified professional is prohibited by the restrictions of the chapter as long as the one being supervised does not hold himself out as a substance abuse counselor.
While it is not clear who you are referring to when you state that "these services are provided by one of the above mentioned workers or supervised by the same", this office concluded in Atty. Gen. Op. No. 92-111, "Those classes ofpersons listed in R.S. 37:3381 are not covered by the Act so they obviously need not be certified under the Act in order to be supervisory or administrative personnel. * * * We also note thatpersons acting under the direction of a "qualifiedprofessional supervisor" as defined by R.S. 37:3372(3)need not be certified according to R.S. 37:3381 C while employed or supervised and carrying out specific tasks under professional supervision."
We see nothing which would have us reach a contrary conclusion for persons falling within these categories, and whether an individual falls within this category is a factual question and we will not make a factual determination. We believe your relief must come from legislative amendment to require those not covered by the act to have been certified by the Board for Certification for Substance Abuse Counselors.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR